Dear Mayor Pourciau:
This office is in receipt of your request for an opinion of the Attorney General in regard to dual officeholding. You ask if a Town Alderman can also serve in the full-time appointed position of Director of Transportation for the West Baton Rouge Parish School Board.
Pertinent to your inquiry is R.S. 42:63(D) providing as follows:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
A distinction is made between "employment" and "appointment", and full-time and part-time. This office has stated that there is no prohibition against holding local elective office and holding at the same time employment in a separate political subdivision. Further, the law allows an individual to hold local elective office and a part-time appointive office in a political subdivision of the state. However, an individual is prohibited from holding local elective office and a full-time appointive office. Atty. Gen. Op. No. 93-57.
Pertinent to your inquiry is R.S. 42:62 wherein it defines "appointive office", "employment" and "full-time" as follows:
 "Appointive office" means any office in any branch of government or other position on an agency, board, commission or any executive office of any agency, board commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
 "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
 "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
Pursuant to R.S. 17:84 the parish school boards "may appoint such assistants, superintendents, supervisors, stenographers, bookkeepers as may be needed, and such attendance officers, medical directors, and other appointees as may be necessary for the proper and efficient conduct within the schools; they may also fix their salaries and prescribe their duties." While this may appear to indicate that the Director of Transportation is an appointive office, in Atty. Gen. Op. No. 98-151 this office recently clarified that an appointive office "is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof", and an office, while filled by appointment, nonetheless does not meet the defined requirements if not established or authorized by the constitution or laws of this state. Such an office is, therefore, employment.
Accordingly, the position of Director of Transportation is employment by the West Baton Rouge Parish School Board, which is a political subdivision of the state under La. Const. Art. VI, Sec. 44(2), and which we are informed is full-time.
Thus, we find that the Director of Transportation is full-time employment by the West Baton Rouge Parish School Board, and an alderman holds a local elective office within a separate political subdivision. The simultaneous holding of such positions does not violate the provision of the Dual Officeholding Law as set forth in R.S. 42:63(D) for it permits a person holding elective office in one political subdivision of this state to hold full-time employment office in another political subdivision of the state.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR